UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE BICYCLE PEDDLER, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:13CV583 JAR |
| DOES 1-28, | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Plaintiff The Bicycle Peddler's Motion (ECF 7), in which it seeks an order from the Court amending the dates set forth in its prior Order Permitting Limited Discovery and Protective Order (ECF 6). Plaintiff states that, due to a formatting error, Exhibit A to Exhibit A attached to its April 4, 2013 motion seeking discovery prior to a Rule 26(f) conference (ECF 3-1 at 6-8) stated incorrect (much older) dates,[1] leading the ISP to believe that it no longer possessed the records that Plaintiff seeks. Plaintiff has attached a new spreadsheet, Exhibit A to ECF 7 (ECF 7-1), with what it represents in its motion are correct (much newer) dates.

Although Plaintiff's initial spreadsheet was supported by a declaration attesting that "[t]he IP addresses, hash values, dates and times . . . correctly reflect what is contained in the evidence logs" (ECF 3-1 at 3), Plaintiff's "corrected" spreadsheet is not so supported. Accordingly, the Court finds that Plaintiff's motion lacks sufficient support and will deny it without prejudice.

---

[1] Plaintiff alleges in its Complaint that the infringing acts were performed through BitTorrent, which is an interactive "peer-to-peer" file transfer technology protocol that facilitates the distribution of large amounts of data by breaking down the content into smaller files. (ECF 1 at 2.) BitTorrent works by allowing users to join a "swarm" of host computers where users are able to download and upload from each other simultaneously. According to the Declaration of Darren Griffin, filed in support of Plaintiff's initial motion for early discovery, IP addresses of BitTorrent users who are allegedly copying copyrighted material can be identified by the ISP. (ECF 3-1 at 3.) To correlate a subscriber with an IP address, Mr. Griffin avers that the ISP needs to know, among other things, when the IP address is being used. (Id.)

Further, the Court notes that the Complaint refers to its own Exhibit A to identify the Doe Defendants.  (See ECF 1 at 6.)  Exhibit A attached to the Complaint (ECF 1-1) is a spreadsheet identical to the one appearing in ECF 3-1.  If a date is necessary to identify accurately the user of an IP address, as alleged in the Complaint (ECF 1 at 6) and as averred in the affidavit of Darren Griffin (ECF 3-1 at 3), then it appears Plaintiff now seeks to identify individuals other than those identified in the Complaint.  Accordingly, any future motion seeking relief similar to that currently sought must specifically state why such information is relevant to this action.

Finally, upon comparing the two spreadsheets, the Court notes that the spreadsheets appear to be identical, except the dates in the spreadsheet appearing at ECF 7-1 are four years and one day later than the dates appearing in ECF 3-1.  If a date is a necessary component for identification, as part of any motion to amend the Complaint the Court will require an explanation, supported by an affidavit or similar evidence, as to how such a formatting error could be made.

**IT IS HEREBY ORDERED** that Plaintiff's Motion (ECF 7) is denied without prejudice.

Dated this 22nd day of August, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE